UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARTHA AGUIRRE,
Individually and on behalf of a class,

         Plaintiff,

Case No.   17-cv- 1712

- against –

CONVERGENT OUTSOURCING, INC.,

         Defendant.
------------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant Convergent Outsourcing, Inc.  Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information.  15 U.S.C. §§ 1692e, and 1692g.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

4. Plaintiff is an individual resident of the State of New York, residing in the County of Nassau. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant, Convergent Outsourcing, Inc. is a Washington Foreign Business Corporation doing business in New York with a principal place of business located at 800 SW 39th Street, Renton, WA 98057. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

6. On or about January 13, 2017, Plaintiff was mailed the collection letter attached as Exhibit A (the "Collection Letter"). Plaintiff received it in the ordinary course of mail.

7. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

8. Exhibit A is, on information and belief, a form letter.

9. The Collection Letter included a stated "Amount Owed: $701.61."

10. The Collection Letter then goes on to offer "Settlement in Full: $315.72."

11. In addition, the Collection Letter further states:

"Notice. The Internal Revenue Service may require financial institutions to file Form 1099-C (Cancellation of Debt) to report the discharge of indebtedness of $600 or more."

12. The statement in the collection letter that "[t]he Internal Revenue Service may require financial institutions to file Form 1099-C (Cancellation of Debt) to report the discharge of indebtedness of $600 or more" is false, deceptive, and misleading.

13. It is well established in this Circuit that a debt collector does not need to provide a warning of possible tax consequences when making a settlement offer for less than the full amount owed.  See *Altman v. J.C. Christensen & Associates, Inc.*, 786 F.3d 191 (2d Cir. 2015).

14. However, when the debt collector voluntarily elects to provide a warning of possible tax consequences when making a settlement offer, its action comes under scrutiny of the FDCPA.

15. IRS Regulation 1.6050P requires that an "applicable entity" report a cancellation or discharge of indebtedness under certain circumstances but only when the forgiveness is in excess of $600.00.  It does not state the requirement to report a discharge of a *settlement*.

16. The Settlement in Full offer of $315.72 would lead to a savings of $385.89 which, even if fully discharged, would not meet the $600 threshold for reporting to the Internal Revenue Service.

17. In the context of the Collection Letter, Defendant's statement that "[t]he Internal Revenue Service may require financial institutions to file Form 1099-C (Cancellation of Debt) to report the discharge of indebtedness of $600 or more" can be read in two or more ways, one of which is inaccurate.  The natural reading is that the event may – or may not – come to pass.  As a practical matter, IRS reporting would <u>never</u> come to pass in the settlement of $315.72.

18. Defendant had reason to know that there would be no debt cancellation exceeding $600.00 in the case of the settlement of this alleged debt which would result in a savings of a mere $385.89.  Thus, the statement that "[t]he Internal Revenue Service may require financial institutions to file Form 1099-C" is misleading and deceptive in the context of this letter.  See *Velez v. Enhanced Recovery Company, LLC*, Case No. 16-cv-164, Doc. #10 (Eastern District of Pa., Dalzell, J., May 2, 2106).

19. The statement is also false, deceptive or misleading as "income" is not always "taxable," nor is cancellation of indebtedness income "reported to the IRS" as "taxable" on a Form 1099-C pursuant to IRC 6050-P and related federal law.

20. An applicable entity only reports the "amount of debt discharged" (if $600 or more) – whether that amount is "income," or "taxable income" are separate determinations (not made by Defendant or its client).

21. As such, in no circumstances "may" Convergent Outsourcing or its client report to the IRS that a discharge as a result of a settlement is *"taxable income."*

22. There was no reason to include this tax statement in the letter which offers a settlement discount of a mere $385.89.

23. The statement is materially misleading because *inter alia*:

(a) it needlessly injects the IRS into the collection process;

(b) It injects confusion as discharge of alleged indebtedness is not always "taxable," no determination as to whether the discharge constitutes "income" or "taxable income" was ever made, nor is discharged indebtedness reported to the IRS as "taxable."

(c) The least sophisticated consumer may reasonably believe that in order not to be reported to the IRS, he or she must pay enough on the alleged debt so that a balance of less than $600.00 remains regardless of whether the event is reportable, or any exception applies; and

(d) The statement can negatively influence someone contemplating bankruptcy. The underlying debt here would almost always be dischargeable. However, any tax obligation that is created by the cancellation of the underlying debt would be non-dischargeable for at least 3 years. *See* 11 U.S.C. § 523(a))(1)(A) and 11 U.S.C. § 507(a)(8)(A)(i).

24. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violation of 15 U.S.C. § 1692e)

25. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 of this Complaint as though set forth at length herein.

26. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

27. Defendant violated the FDCPA by sending a collection notice to Plaintiff which:

(a) Made false, deceptive, or misleading representations or statements in connection with the collection of a consumer debt, 15 U.S.C. § 1692e;

(b) Threatened to take any action that is not intended to be taken, 15 U.S.C. § 1692e(5); and

(c) Utilized false representation or deceptive means to collect or attempt to collect a consumer debt, 15 U.S.C. § 1692e(10).

28. As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## CLASS ALLEGATIONS

29. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

30. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

31. The class is so numerous that joinder is impracticable.

32. On information and belief, there are more than 50 natural persons who were sent a letter similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

33. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. whether the debt collector sent the consumer written notice containing a debt amount which is less than $600 or for which it made a settlement offer which discharges less than $600;

    b. Whether defendant provided a statement regarding the reporting of discharged debt to the Internal Revenue Service; and

    c. Whether the letter violates the FDCPA.

34. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

35. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

36. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a)    Statutory damages;

b)    Attorney's fees, litigation expenses and costs of suit;

c)  Declaratory relief finding the collection letter violates the FDCPA; and

d)  For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
March 27, 2017

                      SHAKED LAW GOUP, P.C.
                      Attorneys for Plaintiff

By: _____
    Dan Shaked (DS-3331)
    44 Court St., Suite 1217
    Brooklyn, NY 11201
    Tel. (917) 373-9128
    Fax (718) 704-7555
    e-mail: ShakedLawGroup@Gmail.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)